McGEE *v.* ALASKA

No. A–156. Decided September 9, 1983

JUSTICE REHNQUIST, Circuit Justice.

Applicant has moved for bail pending disposition of his petition for certiorari to the Court of Appeals for the Ninth Circuit. He was tried in the state courts of Alaska and convicted of two crimes under state law. His conviction was affirmed on direct appeal by the Supreme Court of Alaska, *McGee* v. *State,* 614 P. 2d 800 (1980), and we denied certiorari, *McGee* v. *Alaska,* 450 U. S. 967 (1981). He then sought federal habeas relief in the United States District Court for the District of Alaska, claiming that certain evidence should have been suppressed and certain eyewitness testimony should have been excluded. Following a Magistrate's investigation and report, applicant pursued only the Fourth Amendment claim before the District Court, which denied the claim because applicant had received a full and fair hearing on his Fourth Amendment claim in the state courts. The Court of Appeals affirmed the judgment of the District Court, and applicant began serving his sentence.

Applicant, however, seeks to have me implement what amounts to an agreement between the parties to permit his release on bail, since the State has submitted a statement to the effect that it does not oppose release on bail. No doubt

the proper Alaska authorities can release applicant on bail any time they choose to do so, but it is no part of the function of the federal courts to allow bail in federal habeas review of state proceedings simply because the State does not object. Requests for bail to this Court are granted only in extraordinary circumstances, especially if, as here, a previous bail application has been denied. See *Julian* v. *United States, ante,* p. 1308 (REHNQUIST, J., in chambers). Applicants must also demonstrate a reasonable possibility that four Members of this Court will vote to grant the petition for certiorari. I am satisfied from the papers submitted to me that the probability of this Court's granting certiorari to review the judgment of the Court of Appeals approaches, if it does not actually reach, zero. See *Stone* v. *Powell,* 428 U. S. 465 (1976). Therefore, the application will be denied, notwithstanding the fact that the respondent State does not oppose it.

*It is so ordered.*